*Law Library*

# IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

'13 JUN 21 PM 5: 14

CLERK OF COURT

PEOPLE OF GUAM,                    )     CRIMINAL CASE NO. CF0169-12
                                   )
                                   )
            vs.                    )
                                   )
                                   )     **DECISION AND ORDER**
TROY SAN NICOLAS OGO,              )     (Motion for Reconsideration)
                                   )
            Defendant.             )
                                   )
_____    )

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion for Reconsideration. Defendant Troy San Nicolas Ogo ("Defendant") is represented by Howard Trapp. The People of Guam ("The People") are represented by Christine Santos Tenorio. Having reviewed the memorandum and papers presented, the Court now issues the following decision DENYING Defendant's Motion for Reconsideration.

## BACKGROUND

The Court will reiterate the facts of this case, as stated in its March 21, 2013 Decision and Order. Defendant was indicted on eleven separate charges for an alleged incident that took place on March 11, 2012. On the day in question, Defendant is alleged to have come home drunk and started an argument with his live-in girlfriend. When the girlfriend asked to leave, Defendant is alleged to have driven her, despite being intoxicated, to his parent's home. While speeding and driving recklessly towards the home, Defendant allegedly threatened his girlfriend's life before driving the vehicle into a concrete wall on the passenger's side. Based on these alleged facts, Defendant was charged with both Terrorizing (As a 3rd Degree Misdemeanor) and Reckless Conduct (As a Misdemeanor), in addition to nine other charges.

On September 26, 2012, Defendant filed Motion to Dismiss First and Third Charges of

Indictment ("Motion to Dismiss"). Defendant motioned the Court to have the First and Third charges of Terrorizing (As a 3rd Degree Misdemeanor) and Reckless Conduct (As a Misdemeanor) dismissed, arguing that the Indictment failed to sufficiently properly plead the two offenses. The People filed Opposition to Defense Motion to Dismiss First and Third Charges ("Opposition") on October 8, 2012. On March 21, 2013, the Court denied Defendant's Motion to Dismiss.

Defendant subsequently filed Motion for Reconsideration on March 25, 2013. The People filed People's Opposition to Defendant's Motion for Reconsideration ("Opposition to Motion for Reconsideration") on April 12, 2013.

## DISCUSSION

Defendant contends dismissal of the First and Third Charges are necessary, because they are not properly pled in the Indictment.

The statutory authority for motions for reconsideration is found in Guam Rule of Civil Procedure ("GRCP") 60. GRCP 60 provides in pertinent part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;

*People v. Ogo*
Decision and Order (Motion for Reconsideration)
Criminal Case No. CF0169-12

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.
GRCP 60(b).

The First Charge and Third Charge of the Indictment are as follows:

## First Charge

On or about the 11th day of March 2012, in Guam, **TROY SAN NICOLAS OGO**, did commit the offense of *Terrorizing*, in that he did knowingly communicate a threat to another person, *Annalynne Simbahan*, to commit a crime of violence dangerous to human life against *Annalynne Simbahan*, the natural and probable consequence of such threat being to place *Annalynne Simbahan* in reasonable fear that the crime would be committed, in violation of 9 GCA §§ 19.60(a) and (b).

## Third Charge

On or about the 11th day of March 2012, in Guam, **TROY SAN NICOLAS OGO**, did commit the offense of the *Reckless Conduct*, in that he recklessly engaged in conduct which unjustifiably placed another, namely, *Annalynne Simbahan*, in danger in death or serious bodily injury, in violation of 9 GCA §§ 19.40(a)(1) and (b), as amended.

Indictment at 2 (March 12, 2012.)

In his Motion to Dismiss, Defendant argued that the First and Third Charges of the Indictment should be dismissed, because neither offense was sufficiently definite, certain, and unambiguous, as to permit Defendant to prepare his defense or plead a conviction or acquittal as to bar further prosecution. Motion to Dismiss at 1. The People opposed Defendant's Motion to Dismiss and argued that both Charges used language almost identical to the respective criminal statutes; therefore, fully apprising Defendant of the elements of the crimes. Opposition at 2. The People contended that the Indictment was sufficient, as the requirements of an indictment are well established by case law, and those requirements do not include a need for a description of Defendant's conduct. *Id.*

In his Motion for Reconsideration, Defendant's position has not changed, and he continues to request dismissal of the First and Third Charges of the Indictment due to an omission of the essential facts constituting the offenses charged. Motion for Reconsideration at 1-2. The People oppose the Motion for Reconsideration and make two major arguments: Defendant does not allege newly discovered evidence or fraud under GRCP 60(b)(2) or GRCP 60(b)(3), and the Indictment adequately informs Defendant of the crimes to allow him to defend against the charges.. Opposition to Motion for Reconsideration at 4.

The Supreme Court of Guam ("Supreme Court") has stated that an indictment is "sufficient where it contains the elements of the crime alleged, adequately informs the defendant of the crime to allow him to defend against the charges, and is stated with sufficient clarity to bar subsequent prosecution for the same offense." *Guam v. Jones*, 2006 Guam 13 ¶ 12. The Supreme Court also indicated "that an indictment 'should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied.'" *Id.* (quoting *United States v. Givens*, 767 F.2d 574, 584 (9th Cir.1985)).

In the present case, the Indictment includes all the essential elements of the crime. It identifies the victim and even goes as far as to list the exact date on which the alleged crime occurred. Finally, the Court notes that Defendant has not asserted any grounds under GRCP 60 warranting relief from its March 21, 2013 Decision and Order. Defendant has, however, attached case law form other courts within the Superior Court of Guam, which are not binding on this Court. It is important to mention that this Court's previous decision was based on Supreme Court case law or precedent, as it is binding on this Court.

# CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion for Reconsideration and reaffirms its March 21, 2013 Decision and Order denying Defendant's Motion to Dismiss as to the First and Third Charges of the Indictment. Further Proceedings are set for AUG 3 0 2013 @ 9am .

**SO ORDERED**, this _21_ day of August, 2013.

_____
**HONORABLE MICHAEL J. BORDALLO**
**Judge, Superior Court of Guam**



Page 5 of 5